UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA FERREIRA DE MERINO,<br><br>Plaintiff,<br><br>-against-<br><br>BEST BUY STORES, L.P., et al.,<br><br>Defendants. | **ORDER**<br><br>25-CV-541 (RPK) (CHK) |

**CLAY H. KAMINSKY, United States Magistrate Judge:**

Plaintiff Maria Ferreria De Merino brings this personal injury action against Defendants Best Buy Stores, L.P., Best Buy Co., Inc., and John Doe (together, "Best Buy"). *See generally* Compl., ECF No. 1-1. Before the Court is Plaintiff's motion for discovery sanctions for spoliation of evidence. Pl.'s Mot., ECF No. 19. Plaintiff asks the Court to strike Best Buy's answer and preclude certain evidence, or, in the alternative, grant an adverse inference against Best Buy, for failing to preserve a video and incident report related to the accident at issue in this case. For the reasons explained below, the Court denies Plaintiff's motion with leave to renew.

## I. Background

Plaintiff initiated this action in Kings County Supreme Court on September 3, 2024, alleging that multiple televisions fell on her while she was at a Best Buy store, causing injury. *See* Compl., ECF No. 1-1, ¶¶ 47–50. Best Buy removed the action to this Court on January 31, 2025. Notice of Removal, ECF No. 1.

During the deposition of Best Buy's store manager, Plaintiff learned that the manager prepared an incident report regarding the accident and saved a video of the

accident on the company computer. Dey Dep., ECF No. 19-13, 29:9–43:13. Best Buy had previously represented to Plaintiff that there were no videos or incident reports related to the accident. Pl.'s Mar. 5, 2026 Letter, ECF No. 15. After learning of the lost video and incident report, Plaintiff sought to bring a motion for discovery sanctions. *See id.* After a conference, the Court denied Plaintiff's request as premature and directed Defendants to file a letter "describing in detail its investigation into the video footage and explaining why the video is now unavailable." Mar. 13, 2026 Minute Entry. In that letter, Best Buy explained that it investigated the missing video and confirmed that it was unavailable and likely "lost in transit." Def.'s Letter Dated Mar. 31, 2026, ECF No. 17.[1] This motion followed.

## II. <u>Analysis</u>

Spoliation is defined by the Second Circuit as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). Plaintiff requests that this Court impose sanctions for spoliation pursuant to Federal Rule of Civil Procedure 37(e) and the Court's inherent powers.[2] In the Second Circuit, Rule 37(e) governs sanctions for the spoliation of electronically stored information ("ESI"), while sanctions for the

---

[1] The Court's direction and Best Buy's letter were focused on the video, not the incident report.

[2] Plaintiff also suggests that the Court should also impose sanctions pursuant to Rule 37(b). Because Rule 37(b) only applies to failure to comply with a discovery order and Plaintiff fails to identify what discovery order with which Best Buy has failed to comply, the Court analyzes Plaintiff's motion only pursuant to Rule 37(e) and the Court's inherent powers. *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020). ("A court may impose sanctions pursuant to Rule 37(b)(2)(A) only when the transgressing party has violated a prior court order.").

spoilation of physical evidence are governed by the Court's inherent authority to control litigation. *See Best Payphones, Inc. v. City of New York,* No. 01-CV-3924, 2016 WL 792396, at *3 (E.D.N.Y. Feb. 26, 2016), ("[A]s the law currently exists in the Second Circuit, there are separate legal analyses governing the spoliation of tangible evidence versus electronic evidence."), *aff'd as modified sub nom., Best Payphones, Inc. v. Dobrin*, 409 F. Supp. 3d 130 (E.D.N.Y. 2018); *Medcenter Holdings Inc. v. Web MD Health Corp.*, 692 F. Supp. 3d 81, 88–89 (S.D.N.Y. 2023), *modified on reconsideration,* 734 F. Supp. 3d 303 (S.D.N.Y. 2024).

**A. Sanctions pursuant to Rule 37(e)**

Rule 37(e) provides that "[i]f [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," the Court may, on a finding of prejudice, "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). If the Court finds that the party acted with the intent to deprive another party of the information, the Court may impose more severe sanctions under Rule 37(e)(2), pursuant to which the Court may: "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

Thus, under the Rule 37(e) framework, the Court applies a three-part analysis. First, the Court determines whether the party failed to take reasonable steps to preserve ESI that should have been preserved in the anticipation or conduct of

litigation. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 494 (S.D.N.Y. 2022). Second, the Court considers whether there has been prejudice to another party from loss of the information, in which case the Court may order measures no greater than necessary to cure the prejudice. *Id.* Third, regardless of prejudice to any other party, the Court must consider whether the destroying party acted with the intent to deprive another party of the information's use in the litigation, in which event a court may consider whether to impose the most severe of measures such as mandatory presumptions or instructions that the lost information was unfavorable or the entry of default judgment. *Id.* The moving party bears the burden of establishing these requirements by a preponderance of the evidence. *See Hoffer v. Tellone*, 128 F.4th 433, 439 (2d Cir. 2025).

Best Buy does not contest that that it had a duty to preserve the video but failed to do so. Def.'s Opp. at 7. However, Best Buy maintains that it took reasonable steps to preserve the evidence. *Id.* [3] Best Buy does not provide much detail about its process for maintaining the video footage, but it explains that the video was mailed to a third-party administrator, Sedgwick Claims Services, and never arrived. Although Best Buy's store manager initially followed Best Buy's procedure and mailed the video to Sedgwick, it was ultimately lost. Best Buy did not take any other steps to preserve the video, such as saving a copy or tracking the mailing to ensure it was delivered. Best Buy itself explains that the loss of the video is attributable to "at

[3] This information about the steps taken by Best Buy to preserve the video comes from the representations of Best Buy's counsel. The Court informed Plaintiff that she may request an evidentiary hearing to investigate the loss of the video, *see* Apr. 28, 2026 Minute Entry, but Plaintiff chose not to request a hearing.

most, negligence." Def.'s Letter at 2. The Court finds that Best Buy was negligent and breached its duty to preserve the video by failing to take reasonable steps to preserve it. *See Stanbro v. Westchester Cnty. Health Care Corp.*, No. 19-CV-10857, 2021 WL 3863396, at *13 (S.D.N.Y. Aug. 27, 2021) (finding that defendants acted negligently by "inexplicably" losing a video of the incident at issue, breaching its duty to preserve the video); *cf. Lekomtsev v. City of New York*, No. 16-CV-4530, 2020 WL 5878258, at *3 (E.D.N.Y. Oct. 2, 2020) ("(O)nce the duty to preserve attaches, any destruction is, at a minimum, negligent.").

Next, the Court must evaluate whether the lost video prejudices Plaintiff. An evaluation of whether a party was prejudiced by lost information under Rule 37(e) begins with the information's importance to the litigation. Advisory Committee Note to Rule 37(e), 2015 Amendments; *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 178 (S.D.N.Y. 2022). To find prejudice, courts in the Second Circuit generally require that the lost evidence is both probative and would "affirmatively support the movant's claim." *Equinox*, 592 F. Supp. 3d at 178. The purpose of this requirement is remedial; it helps the Court to determine the appropriate remedy to put the innocent party in the same position it would have occupied but for the spoilation. *See Kronisch v. United States*, 150 F.3d 112, 127 (2d Cir. 1998); *Ungar v. City of New York*, 329 F.R.D. 8, 15 (E.D.N.Y. 2018). But because spoilation sanctions also serve a deterrent function, and because doubts should be resolved against spoliators to avoid allowing a party to benefit from its own negligence, a robust showing that the lost evidence would be favorable to the movant is not categorically necessary in all cases. *Ungar*,

329 F.R.D. at 15; *Equinox*, 592 F. Supp. 3d at 178; *Stanbro*, 2021 WL 3863396, at *14–15 (collecting cases); *see Kronisch,* 150 F.3d at 128 (holding a movant to "too strict a standard of proof regarding the likely contents of the destroyed evidence would subvert the prophylactic and punitive purposes of the adverse inference, and would allow parties who have intentionally destroyed evidence to profit from that destruction").

The Court finds that Plaintiff has been prejudiced by the spoliation of the video. The lost video is plainly relevant and probative because it depicts the incident at the center of this litigation. Although both parties claim the video would favor their account, Best Buy's store manager confirmed that the video—at minimum—shows a television falling near Plaintiff. Dey Dep., 35:13–43:13. Combined with the eyewitness testimony provided by Plaintiff that supports her recollection of the accident, Plaintiff has provided sufficient evidence that the video could plausibly support her case. Lesser weight must be given to the self-serving account of Best Buy's manager who watched the video and asserts that it supports Best Buy's theory of the accident. This Court will not hold Plaintiff to too strict a standard by requiring her to put forth more evidence that the video would affirmatively prove her specific recollection of the accident, as doing so would allow Best Buy to benefit from its failure to preserve the video. *See Moody v. CSX Transportation, Inc.*, 271 F. Supp. 3d 410, 430 (W.D.N.Y. 2017) (citing *Kronisch*, 150 F.3d at 128).

Although Plaintiff has made an adequate showing of prejudice under Rule 37(e)(1), she is not entitled to sanctions under Rule 37(e)(2) because she has not

demonstrated that Best Buy intended to deprive her of access to the video. The Second Circuit recently clarified Rule 37(e)(2)'s "intent to deprive" standard following the 2015 Amendments to Rule 37(e). In *Hoffer*, the Second Circuit held that the 2015 amendments abrogated the previous (and lesser) standard set forth by *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002), which required merely a "culpable state of mind" for more severe sanctions, encompassing negligence. *Hoffer*, 128 F.4th at 438–39. Under *Hoffer*, a party's knowing or negligent actions cannot justify sanctions under Rule 37(e)(2). *Hoffer*, 128 F.4th at 438–39. Instead, such sanctions are warranted only where the moving party shows, by a preponderance of the evidence, an "intent to deprive." *Id.*

Plaintiff 's motion fails to identify a single piece of evidence to support the conclusion that Best Buy acted in bad faith or with the intent to deprive Plaintiff of the video. Instead, Plaintiff makes wholly conclusory allegations that Best Buy purposefully lost or destroyed the video, primarily based on her assertion that the video would support her recollection of the accident. Given that it is Plaintiff's burden to demonstrate intent, *Hoffer*, 128 F.4th at 439, Plaintiff's conclusory allegations are insufficient to justify the severe sanctions available under Rule 37(e)(2). Accordingly, the Court will not strike Best Buy's answer or order an adverse inference as requested by Plaintiff.

Thus, all the remains for the Court to determine with respect to the lost video is what sanction may be appropriate under Rule 37(e)(1). This rule gives courts broad discretion to determine the appropriate remedy for spoliation. *Perez v. Molina*,

No. 23-CV-801, 2025 WL 605478, at *4 (S.D.N.Y. Feb. 25, 2025); *Equinox*, 592 F. Supp. 3d at 175. However, the Court must impose the "least harsh sanction that can provide an adequate remedy" for the prejudice caused. *Perez*, 2025 WL 605478, at *4 (quoting *Dorchester Financial Holdings Corp. v. Banco BRJ S.A.*, 304 F.R.D. 178, 185 (S.D.N.Y. 2014)) (internal quotation marks omitted). Sanctions under Rule 37(e)(1) may include, without limitation: "forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument." Fed. R. Civ. P. 37(e) Advisory Committee Notes to 2015 Amendments.

Although Plaintiff has been prejudiced by the lost video, none of Plaintiff's proposed sanctions is appropriate in this case. Plaintiff's first two proposed sanctions—striking Best Buy's answer and an adverse inference—are available only under Rule 37(e)(2), upon a showing of intent, which Plaintiff has not made. Plaintiff's other proposed sanction—precluding Best Buy from offering *any* testimony about its liability or Plaintiff's account of the accident—is too severe and would go beyond putting Plaintiff in the position she would have occupied but for the lost video. Because the Court does not have the benefit of full briefing on any lesser sanctions that may be available to Plaintiff under Rule 37(e)(1), the Court declines to impose sanctions at this time, but grants Plaintiff leave to renew her motion and make an applications for less severe sanctions in accord with Rule 37(e)(1).

### B. Sanctions pursuant to the Court's inherent powers

Plaintiff also seeks sanctions based on Best Buy's failure to preserve the incident report prepared by Best Buy's store manager following the accident. Because the incident report is a physical document, the Court analyzes spoilation based on its inherent powers to impose sanctions. *See Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 401 (S.D.N.Y. 2025).

A party seeking spoliation sanctions based on the Court's inherent powers must show, by a preponderance of the evidence, "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 628 (2d Cir. 2018) (quoting *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012) (internal quotation marks omitted)). The first requirement is met: Best Buy concedes that it had an obligation to preserve the incident report and failed to do so.

Unlike in the Rule 37(e)(2) analysis for the lost video, the requisite "culpable state of mind" for the lost incident report does not require a showing of intent and can be met if that party knowingly or negligently destroys the evidence. *Residential Funding Corp.*, 306 F.3d at 107–08; *Oakley*, 792 F. Supp. at 401. A party is negligent when that party fails to "conform to the standard of what a party must do to meet its obligation to participate meaningfully and fairly in the discovery phase of a judicial

proceeding." *In re Pfizer Secs. Litig.*, 288 F.R.D. 297, 314 (S.D.N.Y. 2013) (internal quotations omitted). Thus, the Court's analysis of whether Best Buy had a "culpable state of mind" is similar to its analysis of whether Best Buy took reasonable steps to preserve the video. *See Stanbro*, 2021 WL 3863396, at *13 (applying negligence standard to determine whether party took reasonable steps to preserve ESI).

Just as Best Buy failed to take reasonable steps to preserve the video, it also was negligent in failing to preserve the incident report. Best Buy's store manager originally filed the incident report in the store's asset protection room, but the report was inexplicably lost. Dey Dep., 29:9–34:19. Like the loss of the video, the failure to make a copy of the report or track the chain of custody demonstrates Best Buy's negligence for this purpose. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-CV-816, 2016 WL 11556548, at *3 (S.D.N.Y. Apr. 12, 2016) (finding negligence where the destruction of records was attributable to "sloppy record-keeping and loose controls over its textbook supply").

Next, the Court must consider whether the incident report is relevant and could support Plaintiff's claim. In cases like this one, where the spoliating party was merely negligent in culpability and the movant seeks severe sanctions, like an adverse inference, the standard of proof moves beyond a determination of relevance as defined by Rule 401. *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 221 (S.D.N.Y. 2003). Instead, the moving party must also show that the evidence would have been "favorable to the movant." *Id.* However, as in the Rule 37(e) prejudice analysis, the Court must not "hold the prejudiced party to too strict a standard of

proof." *Residential Funding Corp.*, 306 F.3d at 109; *Zubulake*, 229 F.R.D. at 221 (cleaned up). Similar to the video, Plaintiff has put forth some evidence from which a reasonable trier of fact could infer that the incident report would support Plaintiff's claims, including her eyewitness accounts of the accident. *See Klipsch Grp., Inc.*, 880 F.3d at 628. Accordingly, Plaintiff has made the showing of relevance required to seek spoliation sanctions against Best Buy.

Finally, the Court must consider what—if any—sanction is appropriate to remedy the harm cause by the lost incident report. Again, Plaintiff asks that this Court strike Best Buy's answer, preclude evidence regarding Best Buy's liability, or impose an adverse inference. The lost incident report, like the lost video, does not warrant those sanctions, as discussed above. Severe sanctions like striking an answer are appropriate only if the sanctioned party acted "willfulness, bad faith, or fault" on the part of the party and "should not be given lightly" and imposed only after consideration of "alternative, less drastic sanctions." *West*, 167 F.3d at 779. Plaintiff's proposals that the Court grant an adverse inference or preclude evidence regarding Best Buy's liability are also not warranted here. An extreme sanction for the destruction of a document that likely repeats eyewitness accounts of the incident is not justified, particularly where those witnesses are available to testify themselves. Accordingly, the Court declines to impose any sanction at this time but gives Plaintiff leave to renew her motion and propose other sanctions.

## III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for sanctions with leave to renew within fourteen (14) days of this Order.

SO ORDERED.

/s/ Clay H. Kaminsky
CLAY H. KAMINSKY
United States Magistrate Judge

Dated: October 2, 2026
Brooklyn, New York